UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANA WILSON, Individually and as Next Friend of L.C.H, a minor, 5532 Woodlawn Manor Court Alexandria VA 22309,<br><br>       Plaintiff<br><br>       v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Serve:<br><br>    Ronald C. Machen, Jr.<br>    United States Attorney for<br>    the District of Columbia<br>    555 4th Street, N.W.<br>    Washington, D.C. 20001,<br><br>    and<br><br>    Hon. Eric H. Holder, Jr.<br>    Attorney General of the<br>    United States<br>    Department of Justice<br>    950 Pennsylvania Ave., N.W.<br>    Washington, D.C. 20530,<br><br>       Defendants. | CA No. _____ |

## COMPLAINT

Plaintiff Dana Wilson, individually and as Next Friend of L.C.H., her minor son, files this derivative claim against the defendant United States of America under the Federal Tort Claims Act for medical and related expenses and other damages incurred and sustained by her as a result of injury to L.C.H., and alleges as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Dana Wilson is a citizen of the United States, and resides in Alexandria, Virginia. She is the mother of L.C.H., a male born on April 3, 2007.

2. Defendant United States of America, at all relevant times, including in August and September 2007, controlled and operated the Walter Reed Army Medical Center in Washington, D.C. ("WRAMC"), and employed the health care providers who provided care at that facility to L.C.H.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 2674-2675(a).

4. This Court is a proper venue pursuant to 28 U.S.C. § 1402(b).

## **TIMING**

5. At all times between August 1, 2007 and September 1, 2012, plaintiff Dana Wilson was on active duty in the United States Air Force and was entitled to the protection afforded by the Service members Civil Relief Act, 50 U.S.C. App. § 526. Plaintiff Dana Wilson retired from active duty service on September 1, 2012.

6. On or about February 11, 2014, within two years of her retirement from active duty service, plaintiff Dana Wilson filed Administrative Claims for Injury (Form SF-95) with the U.S. Department of the Army, U.S. Army Claims Service, and the U.S. Department of the Navy, Office of the Judge Advocate General, specifically alleging the facts herein. The United States of America acknowledged its receipt of Ms. Wilson's Form SF-95 claims by letter dated February 20, 2014.

7. The United States of America denied plaintiff's administrative claims on July 22, 2014.

8. Plaintiff timely filed this suit pursuant to 28 U.S.C. § 2401(b) because plaintiff filed it within six months after the United States of America denied her administrative claims.

## BACKGROUND

9. On August 15, 2007, the United States of America saw and examined L.C.H. at WRAMC for symptoms that included a distended abdomen, forceful emesis, vomiting and a refusal to eat. The United States of America performed radiographic studies on L.C.H., which revealed multiple dilated loops of bowel, multiple air-fluid levels, and other abnormal findings that were concerning for a bowel obstruction. Nevertheless, the United States of America canceled orders for further imaging studies on L.C.H.'s bowels, including an upper gastrointestinal series with small bowel follow-through, on the grounds that bowel obstruction, volvulus, and intermittent bowel obstruction had been ruled out. The United States of America discharged L.C.H. from WRAMC on August 17, 2007.

10. The United States of America saw and examined L.C.H. on August 20, 23, and 30, 2007, but did not diagnose or treat L.C.H. for a bowel obstruction, volvulus, or other abnormal bowel condition.

11. On September 8, 2007, L.C.H. presented to the United States of America at the Bethesda National Naval Medical Center with signs, symptoms, and radiographic evidence consistent with an acute bowel obstruction.

12. On September 8, 2007, the United States of America transferred L.C.H. from the Bethesda National Naval Medical Center to the WRAMC for treatment of L.C.H.'s condition, including emergency surgery for a bowel obstruction.

13. Health care providers at WRAMC accepted the transfer of L.C.H. with knowledge of the radiographic evidence consistent with an acute bowel obstruction and the need for emergency surgery for a bowel obstruction.

14. Upon transfer, medical providers at the WRAMC in Washington, D.C., negligently managed the care and treatment of L.C.H. on September 8-9, 2007.

15. At all times mentioned herein, the medical care provided to L.C.H. by the United States of America was provided by agents, employees, servants and representatives of this defendant, all acting within the scope of their employment or agency. This includes, but is not limited to, the care provided to L.C.H. at the Walter Reed Army Medical Center.

16. A health care provider/patient relationship existed between the United States of America, its agents, employees, representatives, and/or servants, and L.C.H. at all times relevant herein. The United States of America owed L.C.H. a duty to conform its care to the standards of reasonable practitioners acting under the same or similar circumstances.

17. The defendant, United States of America, owed a duty to L.C.H., including a duty to perform appropriate diagnostic tests and procedures to determine L.C.H.'s conditions, to appropriately diagnose such conditions, and to timely employ appropriate treatments, procedures, surgeries, and/or medications to treat and correct such conditions without injury to L.C.H.

18. The United States of America's health care providers failed to properly assess, monitor, and treat L.C.H.'s conditions in light of the known circumstances.

19. The United States of America's health care providers negligently failed to recognize clear signs and symptoms of L.C.H.'s bowel obstruction, and failed to provide appropriate monitoring, referrals, and treatments in light of these findings. The United States of America's health care providers failed to intervene and treat the bowel obstruction in an appropriate and timely manner in light of the signs and symptoms.

20. The United States of America breached the standard of care by, *inter alia*, negligently and carelessly:

    a.    Failing to provide appropriate assessment, diagnosis, and treatment to L.C.H. in August 2007 for an abnormal bowel and/or bowel obstruction;

    b.    Failing to assess, diagnose, and treat L.C.H. appropriately at WRAMC in September 2007 in light of signs, symptoms, and other evidence of an acute bowel obstruction;

    c.    Failing to refer L.C.H. to appropriate specialists at WRAMC and elsewhere in September 2007, and to have such specialists examine, assess, and treat L.C.H.'s condition in a timely manner;

    d.    Failing to timely perform surgery on L.C.H. at WRAMC in September 2007; and

    e.    Were otherwise negligent.

21.    As a direct and proximate result of the above acts of negligence, L.C.H. has suffered and will continue to suffer severe and permanent injuries, and has required and will continue to require life-long medical care and attendance, and other related services, such as physical, occupational, and psychological care, and vocational rehabilitation, and has suffered and will suffer lost income, lost earning capacity, and other economic damages.

22.    As a direct and proximate result of the above acts of negligence, plaintiff Dana Wilson, as the mother of L.C.H., a minor, has suffered, and will continue to suffer, damages, including but not limited to:

    a.    Past and future expenses for and associated with the care and treatment of L.C.H.;

    b.    Past and future medical expenses for L.C.H.;

    c.    Loss of economic advancement;

    d.    Loss of wages and loss of earning capacity;

    e.    Incidental expenses associated with L.C.H.'s injuries; and

    f.    Such other damages as may be ascertained through discovery and litigation.

23. Plaintiff Dana Wilson's losses and damages as mother of L.C.H., a minor, will continue during his minority years and into his adult life by reason of his permanent and lifelong disability and dependence.

WHEREFORE, Dana Wilson, individually and as Next Friend of L.C.H., a minor, requests judgment against the United States of America for compensatory damages in the amount of Thirty Million Dollars ($30,000,000.00), together with interest and costs, and for all such other relief as this Court finds just and proper.

January 16, 2015                            Respectfully submitted,

_____
Gerard E. Mitchell - #157479
Julie L. Mitchell - #473015
STEIN, MITCHELL, MUSE, CIPOLLONE
    & BEATO LLP
1100 Connecticut Ave., N.W., 11th Floor
Washington, D.C. 20036
(202) 737-7777